993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Larry McCLINTON, Defendant-Appellant.
 No. 92-5902.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 3, 1993
Decided: May 20, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-92-463-A)
 Joseph J. McCarthy, Dawkins, Delaney, McCarthy & Sengel, P.C., Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Lindley J. Brenza, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and HALL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Larry McClinton appeals from the district court's conviction of "assault by striking, beating, or wounding" in violation of 18 U.S.C. § 113(d) (1988). McClinton argues that there was insufficient evidence to support the conclusion that he assaulted the alleged victim. Because we find sufficient evidence to support his conviction, we affirm.
 
 I.
 
 2
 At a day-long bench trial, the victim, Perry Hooper, testified that he and McClinton were gambling in a dorm in the Lorton Reformatory and that after he won all of McClinton's food items from the canteen, McClinton left. Hooper also testified that McClinton returned, lost again, threatened him with a shank,[1] and demanded that he give the canteen items back. Furthermore, Hooper testified that, after he refused, McClinton, and a third inmate, attacked and stabbed him with the shank approximately five times. The fight ended as Correctional Officer Wester approached.
 
 
 3
 Correctional Officer Wester testified that as McClinton fled the scene of the attack, she noticed that he was sweating, as if he had been involved in a fight, and that he had blood on him. Correctional Officer Wester also testified that Hooper initially told her that he injured himself when he tripped in the bathroom.
 
 
 4
 Lieutenant Baten, a prison officer who assisted Correctional Officer Wester in her investigation, testified that Hooper told him that McClinton had assaulted him and that he had lied because he feared being placed in administrative segregation.
 
 
 5
 McClinton testified that although he did engage in an altercation with Hooper, he claimed that he did not possess a weapon and was merely defending himself.
 
 
 6
 On this evidence, McClinton was found guilty of unlawfully striking, beating and wounding Hooper. McClinton appeals.
 
 II.
 
 7
 McClinton argues that there was insufficient evidence because the government's only eyewitness gave testimony in direct conflict with his earlier accounts of the incident.[2] In evaluating the sufficiency of evidence to support a conviction, we view the evidence in the light most favorable to the government, and determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Furthermore, we accord the benefit of all reasonable inferences to the government. Tresvant, 677 F.2d at 1021. This Court does not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).
 
 
 8
 In considering circumstantial, as well as direct evidence, and allowing the government the benefit of all reasonable inferences from the facts proven to those sought to be established, Tresvant, 677 F.2d at 1021, we find the evidence sufficient to prove that McClinton assaulted Hooper. Accordingly, we affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 A spoon with the handle sharpened to a point
 
 
 [2]
 Hooper initially told Correctional Officer Wester that he had tripped in the shower. He also told a prison housing board that he did not remember who attacked him. Hooper testified at trial that he had lied because he feared placement in administrative segregation